RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7-28-04

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

INTRUSIC, INC.  )
        Plaintiff,  )
        )  Civil Action No.
v.  )
        )
INTRUSEC, INC.  )
        )  JURY TRIAL REQUESTED
        )
        Defendant.  )

04 - 11671 JLT

MAGISTRATE JUDGE _____

## COMPLAINT

Plaintiff Intrusic, Inc. for its Complaint alleges as follows:

### I. JURISDICTION

1. This is an action for trademark infringement and false designation of origin arising under the Trademark Laws of the United States, 15 U.S.C. §1051, et seq. ("Lanham Act"), and related claims of trademark infringement and unfair competition under the common law.

2. Federal jurisdiction in this action is based upon 15 U.S.C. §1121 (Lanham Act, §39) and 28 U.S.C. §§1331, 1332 and 1338 (a) and (b).

3. Alternatively, and with respect to those parts of the action that do not present a federal question, federal jurisdiction is based upon 28 U.S.C. §1337 (supplemental jurisdiction).

## II. THE PARTIES

4. Plaintiff Intrusic, Inc. (hereafter "Intrusic" or "Plaintiff") is a Delaware corporation with its principal place of business at 330 Bear Hill Road, Suite 220, Waltham, Massachusetts 02451.

5. Defendant Intrusec, Inc. (hereafter "Intrusec" or "Defendant") is, upon information and belief, a Delaware corporation having its place of business at 75 Fifth Street, N.W., Suite 207, Atlanta, Georgia 30308. Intrusec is, upon information and belief, conducting business in the Commonwealth of Massachusetts.

## III. THE PLAINTIFF'S MARK

6. Plaintiff Intrusic is the owner of the trademark and trade name INTRUSIC for network security software. Plaintiff Intrusic is in the business of, inter alia, designing, manufacturing and selling network security software, principally to enterprise clients, throughout the United States. Sales of network security software, under the Intrusic name, are made directly by Intrusic throughout the United States, including the Commonwealth of Massachusetts.

7. On March 6, 2002, Plaintiff filed an amendment to its Articles of Organization changing its corporate name and trade name to Intrusic, Inc.

8. Plaintiff, Intrusic, has been using the trade name Intrusic to identify as a network security software company since at least March 6, 2002. In order that it could identify itself to the network security software purchasing public via the internet, on February 13, 2002, it also secured the URL www.intrusic.com. Plaintiff had established website available at that URL at least as early as September 27, 2002.

9. Plaintiff, Intrusic, began use of its INTRUSIC mark on or in connection with the goods in interstate commerce at least as early as about August 14, 2002. Over the past several years, Plaintiff Intrusic has committed significant time, effort, and money to developing and maintaining a reputation for quality of products and reliability in the field of the network security software.

10. Plaintiff is seeking federal trademark registration for the INTRUSIC mark. The application therefore was filed on November 11, 2003 and has been accorded Serial No. 78/325892. The United States Patent and Trademark Office (hereinafter "PTO") initially refused registration for this mark on the grounds that it was confusingly similar to the application for registration of INTRUSEC filed by Defendant. That refusal was withdrawn only to the extent that the Examining Attorney had erroneously believed that Defendant's application was the first filed, and thus not entitled to registration. Plaintiff's application has now been approved for publication in the *Official Gazette*.

11. Due to its inherently distinctive nature and by virtue of its exclusive use by Plaintiff Intrusic, the INTRUSIC mark and trade name has come to serve as a designation of origin of Plaintiff Intrusic's network security software to the consuming public. Plaintiff has built up a valuable reputation and goodwill in connection with its products, by virtue of its history of commitment to high quality products and due to its promotion and the extensive press coverage thereof.

IV. THE DEFENDANT'S INFRINGEMENT

12. Upon information and belief, Defendant Intrusec is a Delaware corporation located in Atlanta, Georgia, originally incorporated in Georgia on

October 19, 2002. Defendant is engaged in the manufacture and sale of network security software, principally to enterprise clients.

13.  Upon further information and belief, Defendant Intrusec began offering network security software products through its website for beta testing only no earlier than February 2003 under the name INTRUSEC (hereafter "the infringing trade name and mark") in competition with Plaintiff. Sales of products under the INTRUSEC trade name and mark began sometime thereafter, and at least six months after Plaintiff's sales of INTRUSIC products had commenced. Defendant's sales and offers for sale have been and are being made in commerce in the United States, including, upon information and belief, the Commonwealth of Massachusetts.

14.  The Intrusec infringing trade name and mark is substantially similar to Plaintiff's INTRUSIC trade name and mark. The Intrusec infringing trade name and mark is used for the same type of products as the products sold by Plaintiff under the INTRUSIC mark, and the Defendant's INTRUSEC products and services travel in the same channels of trade as Plaintiff's INTRUSIC brand products. Upon information and belief, Defendant's first sale of its products and services with the infringing mark in the United States occurred more than six months after Plaintiff's first use of the INTRUSIC trade name and mark.

15.  Plaintiff is aware of instances of actual confusion in which the consuming public of network security software has believed that there is an affiliation or sponsorship between Plaintiff Intrusic and Defendant Intrusec by virtue of the high degree of similarity in their respective trade names and trademarks, INTRUSIC and INTRUSEC for network security software.

16. On March 16, 2004, Intrusec applied for registration of the mark INTRUSEC in the United States Patent and Trademark Office (hereafter "PTO"), Serial No. 78/384985. Intrusec is not entitled to registration of the INTRUSEC name on the grounds that it so resembles Intrusic's INTRUSIC mark when used with the Intrusec goods to cause confusion mistake or deception.

17. Defendant is not now and has never been authorized or licensed in any way by Plaintiff to use or exploit Plaintiff's Intrusic mark or any mark similar thereto, in connection with Defendant's business.

18. Plaintiff has not consented to the use of the infringing mark by Defendant, and, on information and belief, Defendant is or should be aware of Plaintiff's Intrusic mark and trade name.

19. In spite of this presumed awareness, Defendant Intrusec, upon information and belief, continues to manufacture, sell and offer for sale network security software with the infringing mark in the United States, through the same or similar channels of trade as Plaintiff.

20. Upon information and belief, Defendant has a substantial inventory bearing the infringing mark and has already sold a number of these products. Plaintiff will be irreparably harmed by Defendant's continued sales in the United States of the Intrusec products bearing the infringing mark and continued use of the infringing trade name and mark.

## V. CLAIMS FOR RELIEF

### COUNT ONE
(False Designation of Origin)

21. Plaintiff repeats and realleges the allegations in paragraphs 1 through 20 above with the same force and effect as if fully set forth herein.

22. Defendant, by its conduct described above, is using, in connection with sales in commerce in the United States, a false designation and representation of the origin of Defendant's goods and a false designation and representation of sponsorship, authorization by or in connection with Plaintiff's goods, all in willful violation of 15 U.S.C. §1125(a) (Lanham Act, §43(a)).

23. Such conduct by Defendant, if not enjoined, will cause confusion, deception or mistake as to the source of origin or sponsorship of Defendant's goods with Plaintiff's goods.

### COUNT TWO
(Common Law Trademark Infringement)

24. Plaintiff repeats and realleges the allegations in paragraphs 1 through 23 above with the same force and effect as if fully set forth herein.

25. Upon information and belief, Defendant, by its conduct described above, is selling, offering to sell and/or using in commerce in Massachusetts a colorable imitation of Plaintiff's INTRUSIC mark in connection with the sale, offering for sale, distribution, and advertising of its network security software. Defendant's use of this infringing mark is likely to cause confusion or mistake or deception among purchasers of network security software as to the source of origin or sponsorship or endorsement of such goods and services, or wrongly lead consumers to conclude that some connection,

authorization, or relationship exists between Defendant and Plaintiff, all in willful violation of the laws of the Commonwealth of Massachusetts.

26. Such conduct by Defendant, if not enjoined, will cause confusion, mistake or deception as to the source of origin or sponsorship of Defendant's goods with Plaintiff's goods.

## COUNT THREE
(Common Law Unfair Competition)

27. Plaintiff repeats and realleges the allegations in paragraphs 1 through 26 above with the same force and effect as if fully set forth herein.

28. Defendant, by its conduct described above, is using, in connection with sales in commerce in the United States, a false designation and representation of the origin of Defendant's goods and a false designation and representation of sponsorship, authorization by or in connection with Plaintiff's goods, all in willful violation of the laws of the Commonwealth of Massachusetts.

29. Such conduct by Defendant, if not enjoined, will cause confusion, mistake or deception as to the source of origin or sponsorship of Defendant's goods with Plaintiff's goods.

## VI. DAMAGES AND IRREPARABLE HARM

30. Defendant's conduct as described in paragraphs 1 through 29 above has caused damage and injury to Plaintiff for which Plaintiff has no adequate remedy at law unless such acts are enjoined by this Court.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A.  That this Court preliminarily and permanently enjoin Defendant from infringing Plaintiff's INTRUSIC mark and trade name, and, in particular, from manufacturing, importing, distributing, soliciting orders for, using, or causing to be used the INTRUSEC mark and all colorable imitations or variations thereof in connection with its business;

B.  That Defendant be required to pay Plaintiff the actual damages it has sustained as a consequence of Defendant's actions, with costs and attorneys' fees, if applicable; and that Plaintiff's damages be trebled as a consequence of Defendant's willful infringement of Plaintiff's mark in accordance with 15 U.S.C. §1117 (Lanham Act, §35);

C.  That Defendant be ordered to account for and to pay Plaintiff all profits derived by Defendant by reason of its acts of infringement and in violation of law as alleged herein;

D.  That Defendant's federal application for registration of the INTRUSEC trademark be expressly withdrawn, and that the Court declare that Defendant has no right to register any variant of the INTRUSEC trademark upon any register maintained by the Patent and Trademark Office;

E.  That this Court order that all goods consisting of printing plates, all packaging, labels, signs, prints, stationery, packages, receptacles and advertisements in the possession, custody or control of Defendant bearing the INTRUSEC mark or any

colorable imitation thereof and all means of making the same shall be delivered up and destroyed;

  F. That Defendant be required to promptly file with this Court and serve on Plaintiff's counsel a report, under oath, setting forth the manner and form in which they have complied and are complying with said injunction; and

  G. That this Court grant Plaintiff such other relief as it deems just and reasonable.

VIII. <u>JURY REQUEST</u>

Plaintiff requests trial by jury on all claims so triable.

Dated: July __, 2004

            Respectfully submitted,

            INTRUSIC, INC.

            By: _____
            Heidi Schiller, Esq. (BBO#543785)
            Law Offices of Heidi Schiller
            405 Waltham Street, PMB 406
            Lexington, MA 02421
            Tel: (617) 504-0436
            Fax: (617) 507-6585
            E-mail: hs1@mindspring.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Intrusic, Inc. v. Intrusec, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **04-11671 JLT**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]  NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]  NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]  NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]  NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]  NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]  NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Heidi A. Schiller__
ADDRESS __405 Waltham Street PMB 406, Lexington, MA 02421__
TELEPHONE NO. __617-504-0436__

(Coversheetlocal.wpd - 10/17/02)

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Intrusic, Inc.

**DEFENDANTS**
Intrusic, Inc.

(b) County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Heidi A. Schiller, Esq.
405 Waltham Street, PMB 406
Lexington, MA 02421

Attorneys (If Known)

04-11671 JLT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. §1051 et seq - Trademark infringement and false designation of origin.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE: July 27, 2004

SIGNATURE OF ATTORNEY OF RECORD: _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____